(April 6, 1895.)

## CURTIS v. RICHARDS, JUDGE.

[40 Pac. 57.]

SPECIAL PROCEEDING—CHANGE OF ATTORNEYS.—A motion to change attorneys in a suit pending is a special proceeding and a judgment rendered on such motion is a final judgment from which an appeal to this court may be taken.

ATTORNEY—SWORN OFFICER OF COURT—MORE THAN MERE AGENT.—An attorney is a sworn officer of the court and therefore something more than a mere agent of the client. In his sphere he is as independent as the judge of the court, and in the line of his duty superior to an ordinary agent.

A PARTY CANNOT CHANGE ATTORNEYS WITHOUT PAYING FEES EARNED—ATTORNEY HAS LIEN UPON PAPERS UNTIL FEE PAID.—A party

has no right to arbitrarily change his attorney without paying or securing fees earned, and an original attorney is not bound to consent to a substitution or deliver papers, upon which he has a lien, until the amount of his just demands are ascertained by a court or referee and paid or secured.

(Syllabus by the court.)

WRIT of error to District Court, Third District.

A. A. Fraser and W. E. Borah, for Plaintiff in Error.

As a condition precedent to the granting of the order discharging the plaintiffs in error as attorneys for defendant, Knott, the court should have required the defendant to pay their fees or satisfactorily secure the same. (Weeks on Attorneys at Law, p. 428, secs. 250, 77, and cases cited; also, p. 640, sec. 367, and cases cited; Mechem on Agency, sec. 856, and cases cited; *In re Herman,* 50 Fed. 517; *Batell v. Wallace,* 30 Fed. 228; Idaho Rev. Stats., sec. 3999; *Butchers' Union Co. v. Crescent City Live Stock Co.,* 41 La. Ann. 355, 5 South. 509; Idaho Rev. Stats., secs. 4893, 4002.)

M. C. Athey and William H. Clagett, for Defendant in Error.

File no brief.

MORGAN, C. J.—This is a proceeding under section 3999 of the Revised Statutes of Idaho. The original action from which this arose was one wherein Richard Cable was plaintiff and William B. Knott was defendant, then pending in the district court in and for Ada county, in which the petitioners, who are attorneys at law, were employed by the defendant to act as his attorneys in defense of his rights in said suit, and they acted as such from the twenty-fifth day of January, 1894, until the fifteenth day of February, 1895, when defendant served a notice upon said attorneys that he discharged them as attorneys in said action, to which notice petitioners replied that, as a condition precedent to said discharge, they required him to pay their fees in said cause, or secure the same. Thereupon the defendant in said cause filed a motion asking that petitioners be discharged by order of the said court. The allowance of this motion was resisted by the petitioners for the rea-

son that defendant had not shown any dereliction of professional duty on the part of the said attorneys in the defense of said suit, nor had he paid or secured the fees of said attorneys for services rendered in said cause. Upon the hearing of said motion the district court finds as follows: "That there has been (1) no dereliction of duty on the part of said attorneys in defense of said cause; (2) that there exists between said defendant and his said attorneys such a condition of mutual ill-will as will prevent them from acting together properly in the confidential relation of attorneys and client; and ordered, that said motion of said defendant to change his attorneys of record be granted"—to which order defendants excepted, and bring said matter to this court on a writ of error.

Counsel for respondent contends that this court has no jurisdiction to review the action of the court below herein. Section 3999 of the Revised Statutes of Idaho, gives the district court authority to order a change of attorney upon the application of the client, after notice to the attorney at any time before judgment or final determination. In this case the defendant filed a motion asking for an order changing his attorneys, and substituting M. C. Athey as the attorney for said defendant. This motion, as is stated above, was resisted for the reasons given. This, then, became a special proceeding for the removal of said attorneys, in which the defendant in the court below was the proponent and these attorneys were defendants. By the provisions of subdivision 1 of section 4807 an appeal may be taken to the supreme court from a final judgment in an action or special proceeding commenced in the court in which the same is rendered. As to these parties (the attorneys) this judgment is final; they are dismissed from this case absolutely. The petitioners therefore have a right to bring their cause to this court for review.

It is further contended that the attorney is simply the agent of his client. To a certain extent, this is true; but he is more than an agent. He is also an officer of the court, and within his sphere and in the line of his special powers he is as independent as the judge of the court, and has not only his duties

and obligations to the court and to his client, but he has rights and powers entirely different from and superior to an ordinary agent. An agent receives his orders from, and is directed absolutely and wholly by, his principal, in the management of his business. On the other hand, the business of the client which is submitted to his attorney is managed entirely by the attorney, and the client is advised and directed by him. As to the business committed to his care, the attorney is the sole manager and director. Hence, his responsibilities are much greater than those of an ordinary agent. His reputation and his abilities are at stake to some extent in every case he undertakes. Hence, the law says the client shall not discharge him arbitrarily in the midst of the performance of his duties. But, if you desire to change attorneys, you may do so with the consent of the court in a proper proceeding. As in this case the court examines into the reasons for said change, and when he ascertains that the attorney has prosecuted his client's business to the best of his ability and with fidelity to the trust imposed upon him, he so finds. Then, if the substitution is made, there is no reflection upon the ability or faithfulness of the attorney. As to his right to fees or security for the same as a condition precedent to his discharge, the law says—and this court is in accord with this view—"that a party has no right arbitrarily to change his attorney without paying or securing fees earned, and the original attorney is not bound to consent to a substitution, or deliver papers upon which he has a lien, until the amount of his just demands is ascertained by a court or referee, and paid or secured." (Weeks on Attorneys, secs. 250, 267, and cases there cited; Mechem on Agency, sec. 856; *In re Herman*, 50 Fed. 517; *Ronald v. Association*, 30 Fed. 228; *Butchers' Union Slaughter-house etc. Co. v. Crescent City Livestock etc. Co.*, 41 La. Ann. 355, 6 South. 309; *Gardiner v. Tyler*, 36 How. Pr. 63.) The substitution, however, of attorneys, is a matter largely in the discretion of the court, and we do not say that there may not be a case in which attorneys may be discharged without paying or securing fees already earned. We do say that the rule of law is that fees

or commissions already earned must be paid or secured before substitution can be had. If this is impossible in any given case, this fact must be shown by the party moving the discharge and substitution, and then it should appear that justice to the client or attorney demands the change. We do not say that there does not exist in this case such a state of facts as renders a change necessary and proper, and therefore do not condemn the judgment of the court below; but this change should not be made without first paying or securing the fees earned, unless, as is stated, the court below should deem this impossible or impracticable. For these reasons the judgment of the court below is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Huston and Sullivan, JJ., concur.