### DU BOIS v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Circuit Court of Appeals, Second Circuit. November 1, 1904.)

1. ATTORNEYS—SUBSTITUTION—CONDITIONS.

Where plaintiff's attorneys were employed under a contract for fees contingent on their ultimate success in the litigation, it was within the discretion of the court to make an order granting plaintiff a substitution of attorneys on a disagreement with them, conditional on plaintiff's payment of a reasonable compensation for the services already rendered and for their disbursements.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 114.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

George W. Watt and James M. Dohan, for appellant.

Frederick Seymour, for appellees.

Before TOWNSEND and COXE, Circuit Judges, and HOLT, District Judge.

PER CURIAM. The only question presented upon this review is whether or not the Circuit Court erred in requiring, as a condition of the substitution of attorneys, that the complainant should pay the attorneys originally employed by him a fair and reasonable compensation for the services actually rendered and disbursements made by them. We are of the opinion that the most favorable view which can be in-

voked by the complainant is that the matter was discretionary with the Circuit Court. There is here no special agreement as in Wilkinson v. Tilden (C. C.) 14 Fed. 778, expressly reserving to the complainant the right to substitute another attorney at any time. There is no specific allegation of misconduct, and no proof whatever of which to predicate misconduct on the part of the attorneys. It is simply a case of disagreement between attorney and client, and, although the complainant has an undoubted right to change his attorneys, it should be upon condition that he pay them fair remuneration for services already performed. The agreement here was that the attorneys should receive a contingent fee dependent upon ultimate success. If permitted to discharge them without condition, the complainant would deprive them of the opportunity to earn the contingent fee, and leave them dependent upon the efforts of other counsel in whose selection they have had no participation, thus leaving them practically remediless.

We think the decree of the Circuit Court was correct, and should be affirmed.