## KELLOGG v. WINCHELL et al.

(Court of Appeals of District of Columbia. Submitted January 6, 1921. Decided June 6, 1921.)

### No. 3479.

1. **Attorney and client ⬤75(1)—Party cannot appear personally or substitute another attorney without leave of the court.**

   A party who appeared at the trial by an attorney cannot appear on appeal personally, or substitute another attorney, without the court's permission.

2. **Attorney and client ⬤75(3)—Attorney dismissed without charge of misconduct will be protected by court in granting leave to substitute another attorney.**

   Though permission to substitute an attorney where the former was dismissed for misconduct is usually granted as a matter of course, the court may in its discretion refuse permission to make such substitution, where charges of misconduct are not made, except on such conditions as will protect the rights of the attorney to his compensation for services theretofore rendered.

3. **Attorney and client ⬤192(1)—Attorney under contingent fee contract has interest in cause of action entitling him to intervene.**

   An attorney, who instituted a suit under a contract with his client whereby he was to receive a percentage of the fund recovered, is vested with an interest in the cause of action which entitles him to intervene in the suit to protect it.

4. **Attorney and client ⬤192(2)—Prosecution of appeal by attorney may be considered in equity as intervention to protect contingent interest.**

   In a suit in equity, where forms may be disregarded, an attorney who took an appeal in his client's name may, if he so desires, prosecute the appeal on his own behalf after the client sought to dismiss it, in order to protect his interest in the cause of action arising from his contingent fee contract.

Appeal from the Supreme Court of the District of Columbia.

Suit by Sherman Kellogg against Fred A. Winchell and others for the construction of a will. From a decree dismissing the bill, complainant's attorney appealed in complainant's name. On motion by complainant, through another attorney, to strike the brief and dismiss the appeal. Motion overruled, on condition complainant's former attorney elects to proceed on his own behalf.

Henry E. Davis and Edmond S. Fletcher, both of Washington, D. C., for appellant.

F. J. Hogan, George E. Hamilton, and John J. Hamilton, all of Washington, D. C., for appellees.

SMYTH, Chief Justice. Mr. Sherman Kellogg, the appellant, on April 19, 1919, entered into a written contract with Mr. Edmond C. Fletcher, a practicing attorney, by which the latter was authorized to

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

commence and prosecute such suits, actions, and proceedings as he might think proper to protect the interests of Kellogg in the estate of his brother, William Pitt Kellogg, who had died in this District some time before, and which provided that Fletcher was to receive for his services a sum equal to 50 per cent. of any amount obtained by his client, either directly or indirectly, through his efforts. It was further provided that he should not be entitled to any fees unless he recovered money or property over and above that to which Kellogg was entitled under the terms of the will. Fletcher pursuant to this contract did certain things, among them being the institution of this suit in the Supreme Court of the District to have construed "the provisions of the will." On motion the bill was dismissed, and thereupon Fletcher took' this appeal. Kellogg executed the necessary undertaking on appeal, and paid the surety company for signing it. On December 2 the record was docketed here.

Some days afterwards Kellogg wrote Fletcher a letter, saying he canceled the contract, and directing him to proceed no further in the case. Fletcher refused to concur in the cancellation, saying he expected to recover $46,000 or $50,000 "out of one item" of the will. Kellogg insisted upon the cancellation, but Fletcher refused to recognize his right to cancel, claiming that he had by his contract acquired an interest in the subject of the litigation. On April 13 Fletcher, in association with Mr. Henry E. Davis, another member of our bar, who claims no authority in this matter except as he derives it from Fletcher, filed a brief in support of the appeal. May 2 some of the appellees interposed a motion calling on Fletcher to show by what right he prosecuted the appeal, and demanding, in the event that he failed to show any right, that the brief be stricken out and the appeal dismissed. Two days thereafter Kellogg, acting by Mr. W. C. Clephane, an attorney, filed a paper in which it was stated that Kellogg appeared specially for the purpose only of consenting to the motion to dismiss, that he had never authorized the docketing of the appeal, and that he did not desire that it should be further prosecuted. In answer to this motion Fletcher showed the facts related above, and many others, and moved to strike from the files the so-called special appearance of Kellogg.

[1] We cannot doubt that on the facts disclosed, Fletcher had full authority to docket the appeal, and, as an incident, the power to do all the things necessary to prosecute it. Kellogg had no right to appear personally (Mott v. Foster, 45 Cal. 72), or to substitute Mr. Clephane for Fletcher in the case without the court's permission (Curtis v. Richards, 4 Idaho, 434, 40 Pac. 57, 95 Am. St. Rep. 134; Walton v. Sugg, 61 N. C. '98, 93 Am. Dec. 580; Sloo v. Law, 4 Blatchf. 268, 269, Fed. Cas. No. 12,958; Wilkinson v. Tilden [C. C.] 14 Fed. 778). Orderly procedure requires this.

[2] Where an attorney is dismissed for misconduct, the permission is usually granted as a matter of course; but where, as in the present case, no charge of that kind is made against him, the court may, in its discretion, impose such conditions upon the client as will protect the attorney's interest, especially where his services were to be com-

pensated for only by a percentage of a fund to be created through his efforts, Kappler v. Sumpter, 33 App. D. C. 404; In re Dunn, 205 N. Y. 398, 98 N. E. 914, Ann. Cas. 1913E, 536; Yuengling v. Betz, 58 App. Div. 8, 68 N. Y. Supp. 574; New York Phonograph Co. v. Edison Phonograph Co. (C. C.) 150 Fed. 233; Du Bois v. New York, 134 Fed. 570, 69 C. C. A. 112; In re Herman (D. C.) 50 Fed. 517; Wilkinson v. Tilden, supra; Curtis v. Richards, supra; Silverman v. Pennsylvania Railroad Co. (C. C.) 141 Fed. 382; Ronald v. Mutual Reserve Fund Life Ass'n (C. C.) 30 Fed. 228.

In Kappler v. Sumpter, supra, we said:

"Where it is possible, under the circumstances of a particular case, to protect the former counsel by imposing some condition for that purpose, it seems that courts usually exercise their discretion to do so."

Circuit Judge Wallace, in the Wilkinson Case, supra, ruled that where a litigant seeks to dismiss his attorney—

"the court will hold the client to fair dealing, and will refuse its assistance to any attempt to take an unfair advantage of one of its officers. In this behalf courts have frequently and usually required the client to discharge the attorney's claim for services in the suit as a condition of substitution. * * * Ordinarily, when there is an agreement that the attorney shall get his fees out of the fund in suit, there is an implied condition that he is to be continued in charge until an available fund is realized."

As we understand the decision of the Supreme Court of the United States in Re Paschal, 10 Wall. 483, 19 L. Ed. 992, it does not conflict with these views. The client there was the state of Texas. The opinion proceeded upon the theory that public policy required that the state should have a right, without condition, to substitute one attorney for another, but it was careful to declare that the rule announced was not one of universal application. It said:

"Whether in any case, in virtue of an agreement made, an attorney may successfully resist an application of his client to substitute another in his place, we need not stop to inquire."

In the recent case of Barnes v. Alexander, 232 U. S. 117, 34 Sup. Ct. 276, 58 L. Ed. 530, the court held that an attorney, acting under a contingent fee contract, had a lien upon the fund created through his effort, and intimated that the lien attached to the right vested in the attorney "to earn a fee contingent upon success." The trend of the modern decisions of the court is to protect the right of the attorney to receive compensation for his services. Ingersoll v. Coram, 211 U. S. 335, 365-368, 29 Sup. Ct. 92, 53 L. Ed. 208; McGowan v. Parish, 237 U. S. 285, 35 Sup. Ct. 543, 59 L. Ed. 955.

[3] Fletcher by his return to the rule shows that he has performed much service under the contract, for which he is entitled to compensation. It was undoubtedly the intention of the parties that he should be permitted to prosecute the case to a final determination. Only by this means could he earn the fees contemplated by the contract. While there are no words of grant in the contract, it is a "principle even of the common law that words of covenant may be construed as a grant when they concern a present right." Barnes v. Alexander, supra,

232 U. S. 121, 34 Sup. Ct. 276, 58 L. Ed. 530; Sharington v. Strotton, Plowden, 298, 308; Hogan v. Barry, 143 Mass. 538, 10 N. E. 253; Ladd v. Boston, 151 Mass. 585, 588, 24 N. E. 858, 21 Am. St. Rep. 481. Fletcher was given a present right "to try to earn a fee contingent upon success." Barnes v. Alexander, supra. Hence he was vested with an interest in the cause of action. Gulf, Colorado & Santa Fé Railway Co. v. Miller, 21 Tex. Civ. App. 609, 53 S. W. 709. Having this interest, he may, in accordance with the principle announced in Sullivan v. Tobin, 42 App. D. C. 430, intervene in the suit to protect it.

[4] This is a proceeding in equity, where forms may be disregarded. He may, therefore, if he desires, prosecute the appeal, the same as if he had formally intervened, for the purpose of having his interest in the litigation determined. Whatever he does, however, must be done on his own account, for he has no longer any right to represent Kellogg. That right was terminated by the latter's letter revoking his authority. Wilkinson v. Tilden, supra; Kappler v. Sumpter, 33 App. D. C. 404. To say that Kellogg had a right to put an end to his authority to represent him is quite different from saying that the court is not required to aid Kellogg in doing so. The brief filed on behalf of Kellogg may be considered from now on as Fletcher's brief. If Fletcher elects to proceed as just indicated, he must signify his intention to do so by a writing filed within 10 days from the handing down of this opinion. If he does so elect, the motion of the appellees to dismiss will be overruled; if he does not, the motion will be sustained, and the appeal dismissed, without further action of the court, at appellant's cost.