## WOODBURY et al. v. ANDREW JERGENS CO.

District Court, S. D. New York. January 30, 1930.

750

Charles M. Joseph, of New York City, for the motion.

Emory R. Buckner, of New York City, opposed.

WOOLSEY, District Judge. ██ The motion to discharge Lawrence Berenson and Arthur Berenson as attorneys for the plaintiffs is granted, for, of course, the plaintiffs have a right to change their attorneys when they will; but the order of discharge must include provisions fixing the compensation, if any, which may be due to them.

The order which I shall sign and enter must provide for this as follows:

There shall, first, be a reference to a special master to hear and report to this court with his recommendations on the first issue raised by the affidavits, namely, whether Lawrence Berenson and Arthur Berenson, or either of them, abandoned this suit without cause and, consequently, are not entitled to any compensation for their service herein.

If, after the special master reports on that issue, this court holds that the case was abandoned by the said attorneys without cause, further proceedings will be unnecessary. But if this court holds that there was not an abandonment without cause, then this matter will be referred again to the said special master to hear evidence, after the case has come to an end—in whatever manner that may happen—and report a second time to this court, with his recommendations, on the question of the amount of the compensation to which the Messrs. Berenson together, or severally, are entitled for their services herein, having due regard to their contract with the plaintiffs for a contingent fee, the character of the services rendered, the effect thereof on the ultimate result of this suit, and any other facts which may appear on the reference.

I have given much consideration to the procedure to be followed in disposing of this motion in order to insure as nearly as may be the fairest possible result to both sides, and am adopting, with a slight but permissible modification, the practice followed by the Circuit Court of Appeals for this circuit in Re Badger, 9 F.(2d) 560, 562, in which the plaintiff's attorney made an application for a reference on fees similar to that made by the plaintiffs here. My order differs from the order made in that case only in that I am providing for a second reference on compensation if it becomes necessary.

In spite of the double reference possibly involved in this procedure, I think it is the simplest arrangement which would be just in this case.

The Messrs. Berenson will only be entitled to compensation if it is found that they have not abandoned this suit without cause. If they have not done so, any compensation to which they may be entitled can hardly be fairly computed unless and until the outcome of the case is known. For then only can it be seen to what extent their partial services have been productive in the final result.

I have known a number of cases where the early steps have almost wholly determined a successful result, and many others in which nothing has mattered much until the trial.

When the outcome of the case is known, an experienced lawyer will be able to trace the effect of what Messrs. Berenson may have done, before their discharge, to contribute to it. Then only a real quantum meruit can be arrived at.

██ The value of a lawyer's services is not measured by time or labor merely. The practice of law is an art in which success depends as much as in any other art on the application of imagination—and sometimes inspiration—to the subject-matter. The exercise of these faculties may occur at any stage in a case, though their influence on the course of the proceeding may not be established till its outcome. In order, therefore, accurately to chancer the value of a lawyer's services, one must almost always examine them in the light of the event.

Clients are sometimes unreasonable, and they have such absolute control over an attorney's employment, that the courts must be careful to see that the fancied advantages of litigants in changing counsel do not involve injustice to the members of the bar.

I think by the order which I have prescribed I have insured justice to both parties in this proceeding as nearly as I can hope to do so.

The order must be settled on two days' notice.