## UNITED STATES v. 1,572 CASES OF LIQUOR.
### No. 2485.

District Court, E. D. New York.
· Feb. 19, 1935.

See, also, United States v. 1,572 Cases of Assorted Liquors, 4 F. Supp. 1017.

Louis Bennett and Harry B. Groom, both of New York City, for the motion.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), opposed.

BYERS, District Judge.

This is a motion made on behalf of the claimant in a forfeiture proceeding, for the substitution of attorneys.

The motion is resisted by the attorney of record who asks that the motion be denied or that, if granted, it be only for the limited purpose of making an offer in compromise and that the lien of the attorney should apply against any of the benefits that may be derived from the action or from a compromise thereof.

It appears that the forfeiture proceeding came to trial in this court in May, 1934, and resulted in a decision in favor of the government, declaring a forfeiture, and that a motion to reargue the case was heard and the application denied.

No judgment or decree has been entered and consequently no appeal is pending.

The motion papers raise several issues:

First: As to whether the attorney of record holds a contingent retainer by the terms of which he is to receive one-half of any recovery in this cause by his client, by which it is supposed that he asserts that, if the seizure shall not be completely upheld in this forfeiture proceeding, he is to be compensated as to one-half of any unforfeited property.

Second: As to whether any lien may be asserted by the attorney under these circumstances because the answer filed on behalf of the claimant does not assert a counterclaim.

Third: If a lien exists on the part of the attorney in his client's cause of action, how it may be preserved, and the measure thereof.

The first dispute arises because the client asserts that $2,500.00 heretofore paid to the attorney was to cover criminal proceedings instituted against the master of the vessel and others, and this sum was also to compensate the attorney in this forfeiture proceeding.

This the attorney denies, and the issue will have to be determined as the result of the taking of testimony.

Concerning the second question, the attorney relies on The Flush (C. C. A.) 277 F. 25, in contending that the value of his services must be fixed and the payment thereof must be secured as the price of substitution.

That was a cause in admiralty in which a libel was filed to recover for repairs made

to a ship which was claimed by the client of the attorney whose appeal was before the court. He filed a cross-libel and, before the issues came to trial, the owner of the vessel became bankrupt, and, as he was the indemnitor upon the bond given to release the vessel in the original proceedings, the surety company sought to have its own attorney substituted for the attorney for the claimant.

Under those circumstances the Circuit Court of Appeals modified an order granted by the District Court providing for the substitution, and directed that the same should be granted upon condition that the fees and disbursements due the attorney. for professional services rendered to the claimant of the vessel be first paid or secured. That case has been cited frequently and is doubtless the law in this circuit, but the facts are quite different from those presented by these papers.

It seems to be established that, so far as section 475 of the Judiciary Law of the state of New York is concerned, there is no lien on behalf of an attorney appearing for a defendant in an action in which no counterclaim is asserted. See Ekelman v. Marano, 251 N. Y. 173, 167 N. E. 211, which involved actions brought concerning a defendant's alleged interest in certain real estate.

The lien here, of course, is not asserted under the New York statute, and this is not an action at law, and consequently it may be that the circumstances should be controlled by the rule announced by Wilkinson v. Tilden (C. C.) 14 F. 778, 780, namely: "When its intervention is asked for the substitution of an attorney, the court will hold the client to fair dealing, and will refuse its assistance to any attempt to take an unfair advantage of one of its officers. In this behalf courts have frequently and usually required the client to discharge the attorney's claim for services in the suit as a condition of substitution. But this is merely the exercise of a reasonable discretion, not the application of an inflexible rule."

In that case, which seems to have been in equity, the order provided for the payment of disbursements made or incurred by a solicitor, and "a condition to protect the solicitor as for a lien upon the cause of action to the extent of the compensation which he may ultimately be entitled to; to be ascertained by reference to a master, or

by action at the election of the solicitor, if not agreed upon."

The solicitor in that case had been retained upon a contingent fee basis. See, also, Du Bois v. Mayor, etc., of City of New York (C. C. A.) 134 F. 570.

The attorney of record in this cause has conducted a trial, and made a motion for a reargument, and fairness would seem to require that some provision be made in the order of substitution whereby he should be secured of a fair participation in the ultimate recovery, if any. This observation is offered without intending to indicate to the master that a lien necessarily exists in spite of the absence of a counterclaim, if he should find, upon a more careful investigation of the authorities, that no such lien exists, although of course he will not deem himself to be bound by decisions construing the New York statute.

Unless the parties can agree upon a form of stipulation providing for the substitution as sought, the matter will be sent to a special master in accordance with the foregoing.

Settle order.