## MADDOX v. JINKENS.*

### No. 6588.

United States Court of Appeals for the District of Columbia.

Decided Dec. 7, 1936.

Motion for Reconsideration and for Readjustment and Reassessment of Costs Denied March 8, 1937.

L. Robinson Maddox and Marie A. Flynn, both of Washington, D. C., for appellant.

Foster Wood, of Washington, D. C., for appellee.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, GRONER and STEPHENS, JJ.

MARTIN, C. J.

This appeal was submitted to the court by the parties upon the record and briefs without oral argument.

It appears from the record that in the year 1929 Garnett O. Jinkens (otherwise known as Mrs. Waldo A. Ross) entered into a contract with the Hampshire Gardens Development Corporation, for the purchase of certain stock in a co-operative apartment house known as "Hampshire Gardens" in Washington, D. C. Under the co-operative plan, the stock in question carried with it a right of occupancy of a particular apartment. Before the contract was completely carried out, a controversy arose between the parties concerning certain alterations in the property which Miss Jinkens desired to have made. Thereupon the development corporation, professing to act under a certain term of the contract, canceled it and refused to complete the sale to Miss Jinkens, at the same time returning to her a deposit of $200 which she had made upon the execution of the contract.

Miss Jinkens objected to a cancellation of the contract by the development corporation and consulted the appellant, L. Robinson Maddox, an attorney at law of the city of Washington, D. C., concerning her rights in the matter. She was advised by the attorney to redeliver to the development corporation the deposit which had been returned to her, which she thereupon did. The attorney further advised her to begin a suit in the Supreme Court of the District for damages and an injunction to prevent the development corporation from canceling and refusing to carry out the contract of sale.

The suit thus commenced, which was styled Garnett O. Jinkens, Plaintiff v. Hampshire Gardens Development Corpora-

*Writ of certiorari denied 57 S.Ct. 929, 81 L.Ed. ——.

tion, a corporation, the Joseph Shapiro Company, Inc., and Jacob B. Shapiro, as President of said Corporations, Defendants, came on for hearing upon a motion for an injunction pendente lite filed by the plaintiff therein, and on motions of the defendants Shapiro and the Shapiro Company to dismiss the bill of complaint as to them. The court upon the hearing of the motion denied the application of the plaintiff for an injunction pendente lite, and sustained the motions of the Shapiro Company and Joseph Shapiro to be dismissed from the case. The court also sustained a motion by defendants to strike certain interrogatories.

Afterwards, to wit, on May 12, 1930, a motion was filed by Attorney Maddox alleging that upon the instance of the plaintiff he had ceased to act as her attorney in the case and asking the court to enter an order for the substitution of any attorney whom Miss Jinkens should designate in his place and stead, and further moving the court to require her to give a proper bond with approved sureties to cover the sum of $350 which he claimed to be due him for professional services rendered in the case prior to his retirement therefrom.

A cash deposit of $350 was subsequently made with the clerk of the court by Miss Jinkens in lieu of the bond demanded by the attorney.

Miss Jinkens at the same time denied that she was indebted in any sum whatever to the attorney for services rendered by him. This issue, to wit, the claim of Maddox for the sum of $350 alleged to be due to him from Miss Jinkens for services rendered prior to his retirement from the case, and her denial that she was indebted to him in any sum whatever, constitutes the issue which was tried in the case and which is now before this court upon appeal.

It may here be noted that Attorney Maddox took no further part in the case brought against the development corporation and the present appeal relates only to the question of the fee claimed by Attorney Maddox for his services prior to his retirement from the case. It does not appear from the record that any charge of incompetency or misconduct upon the part of Attorney Maddox was made by Miss Jinkens.

This issue between Miss Jinkens and Maddox was then referred by the court upon its own motion to the auditor of the court with directions for "proper action, determination and recommendation." The auditor thereupon proceeded with the hearing of testimony in the case. Evidence was introduced in behalf of the attorney to the effect that at the time he was employed by Miss Jinkens as her attorney it was agreed between them that she should pay him a retaining fee of $150, and thereafter pay him $50 a day for office work and consultations, and $100 a day for court work; that the retaining fee of $150 was thereupon paid to him; that afterwards he performed services which under the contract entitled him to further payment of $350, but that Miss Jinkens had refused to pay the same or any part thereof and that this sum remained still due and owing to him.

On the other hand, testimony was introduced on behalf of Miss Jinkens to the effect that at the time of the employment of Maddox by her no agreement was made to pay him $50 a day for office work or $100 a day for court work, nor was there ever such an agreement existing between them, but that she was to pay him $150 as a retaining fee, which she thereupon did, and she was assured by him that the entire cost of his services in filing and prosecuting the action would not exceed $200.

The auditor after hearing the testimony held against the claimant Maddox and found that there was no express contract between the parties for the payment of fees as claimed by him and furthermore held that if the case were considered upon the basis of quantum meruit he was not entitled to any further payment in addition to the retaining fee of $150 already paid to him.

The auditor therefore reported that the attorney was not equitably entitled to any additional compensation from Miss Jinkens for his services in the case and recommended that the court should disallow his claim.

Exceptions were filed by the attorney to this report, and these were overruled. A motion was then made by the attorney for a reconsideration and reargument upon the overruling of his exceptions. Whereupon the following memorandum opinion was entered by the court:

"Claimant seeks to recover on an express contract by which he says he was to receive for his services $150.00 as a retaining fee, $50.00 a day for office work and consultations and $100.00 a day for court work.

"The burden of proof was on claimant to establish such express contract. He has not sustained the burden and the Auditor properly rejected his claim; accordingly

746

the motion for rehearing filed October 22, 1934 is denied."

The court thereupon "upon consideration of the report of the auditor" and exceptions filed thereto, ordered, adjudged, and decreed that the report of the auditor be ratified and confirmed; that the claim of Attorney Maddox for professional services rendered plaintiff be disallowed; that the clerk of the court pay over and refund to the plaintiff, Miss Jinkens, the sum of $350 deposited in the registry of the court by her in compliance with the order of the court theretofore entered in the case.

Thereupon the present appeal was taken.

The appellant presents sixteen assignments of error in the record. These, however, relate almost exclusively to questions concerning the weight and sufficiency of the evidence and not to errors of law alleged to have been committed by the court in the trial of the case.

Assignment No. 5 is in the following terms:

"In failing to find and hold, as a matter of law, that at least $50.00 was due the appellant from the appellee under the judicial admission of counsel for the appellee."

The reference contained in this assignment is incorrect for there was no binding admission in the record of an indebtedness of $50 due to appellant. It is true that Miss Jinkens stated that Attorney Maddox said to her that his charge for services to be rendered for her in the case would not exceed $200. It is also true that only $150 were paid by Miss Jinkens to her attorney. But this is not an admission that the attorney in fact rendered services in the case having a value of $200. The auditor in his findings on the evidence held that the services of the attorney were not of the value of $200 and that the payment of $150 was a complete satisfaction of the amount actually due to him. This finding establishes that any admission made by Miss Jinkens' attorney at the opening of the hearing before the auditor to the effect that a balance of $50 remained unpaid to Attorney Maddox was erroneous and not binding upon his client.

The appellant was entitled to sue at law for the amount which he claimed to be due him from Miss Jinkens upon the contract for his services and he would be entitled to try such a case to the jury. The present case, however, is an ancillary and summary proceeding in equity, triable to the court alone and addressed to its sound discretion.

In Kappler v. Sumpter, 33 App.D.C. 404, Mr. Chief Justice Shepard said:

"A party to a suit can change his attorney when he sees fit, assuming the responsibility, of course, of his breach of his contract with his former attorney. Re Paschal (Texas v. White) 10 Wall. 483, 496, 19 L.Ed. 992, 997.

"It is within the province of the court to entertain a motion for substitution, and it may grant it upon or without condition. Where it is possible, under the circumstances of the particular case, to protect the former counsel by imposing some condition for that purpose, it seems that courts usually exercise their discretion to do so."

See, also, Kellogg v. Winchell, 51 App. D.C. 17, 273 F. 745, 16 A.L.R. 1159; The Flush (C.C.A.) 277 F. 25; Silverman v. Pennsylvania R. Co. (C.C.) 141 F. 382; In re Herman (D.C.) 50 F. 517.

Upon a review of the entire record, we are satisfied that the findings reported by the auditor were correct, that the court's action pursuant thereto was well justified, and that the exercise of its discretionary authority in the premises was not erroneous.

The decree of the lower court is therefore affirmed with costs.

Affirmed.

STEPHENS, J., concurs in the result.