## DOGGETT v. DEAUVILLE CORPORATION et al.

### No. 11231.

Circuit Court of Appeals, Fifth Circuit.

April 17, 1945.

Rehearing Denied May 17, 1945.

Sydney L. Weintraub, of Miami, Fla., and John L. Doggett, of Jacksonville, Fla., for appellant.

L. L. Robinson, Robert C. Lane, and John H. Mercer, all of Miami, Fla., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant John L. Doggett was the attorney of record for Deauville Corporation in bringing a complaint in the District Court against Garden Suburbs Golf and Country Clubs, Inc., and Bernarr MacFadden, verified by its president. About five months later Deauville Corporation by its president filed a petition in the cause for an order substituting another as attorney of record in the place of Doggett, alleging as the reason that Doggett had been employed by the president and his wife (who

was secretary of the corporation) in their individual capacities under a written contract, which was exhibited, by which for stated fees he was to take charge of all their legal matters for a year, with agreed additional fees in case of litigation; and especially of a then pending controversy and litigation by Deauville Corporation against Garden Suburbs Golf and Country Club and Bernarr MacFadden, for certain additional fees contingent on success. That litigation was in a court of Florida, and a month later this complaint was filed in the District Court covering the same controversy. The motion alleged that the employment of Doggett had been terminated by his clients and that Doggett had sued them personally for a large amount for attorney's fees, and other named counsel had been employed in this case. Doggett answered the petition by setting forth that he had done a large amount of work about the litigation for Deauville Corporation, and had an amicable settlement under way, when without just cause his services were terminated by his individual clients. He prayed that a substitution of counsel be not ordered unless and until a fair and reasonable compensation be fixed by the court and paid him by his individual clients, naming them. The Deauville Corporation filed a lengthy reply, denying the answer and asserting other misconduct of Doggett. Doggett then pleaded further that he had dismissed his suit against his individual clients, leaving this case as the only one pending for payment of fees. He denied all the misconduct alleged against him, and alleged a personal antipathy which the president had conceived for him to be the cause of his dismissal.

The district judge, after argument, held that although Doggett's contract of employment was with individuals and not with the Deauville Corporation, the complaint, to which the president had sworn, had evidently been filed pursuant to the employment, and Doggett had a standing to resist the substitution, and that the court should determine whether the termination of the employment was for good cause. After hearing evidence the court determined that there was no professional misconduct on the part of Doggett but there was such discord between him and his clients, who controlled the Corporation, that there should be a substitution. It was further held that a compensation for services in the federal court could not be practically determined apart from services under the general employment; the contract being entire and indivisible, his compensation ought to be determined in proceedings on the contract; that such fees as Doggett might thus be found entitled to might be asserted in the federal court as a lien on anything recovered there, and that he should be allowed to intervene for that purpose. A few months later another substitution of other counsel was allowed, the order again recognizing Doggett's lien, and stating that it was without prejudice to Doggett's right to litigate in the State courts with his former clients. Almost a year later on a motion for summary judgment it appeared that Deauville Corporation had lost its litigation in the State courts, and that the judgment there was res judicata of the issues in the federal court, and that the case in the federal court should be dismissed; but whether with prejudice or not was held open to await the result of a possible appeal of the State court case. Doggett then insisted that the court had never finally passed on his claim for fees, which he asserted was not affected by the adverse decision in the State court, and he again prayed that his services prior to his dismissal be valued and required to be paid. The court held that the result of the litigation in the State court, now completely final, prevented any recovery in the federal court; that there was nothing before the court to pay Doggett with, that jurisdiction had never been taken of the controversy of Doggett with his individual clients, but that only a lien had been recognized on the recovery in the federal court, if any should be had. Doggett's prayer to reopen his matter was denied, and all proceedings were finally dismissed. Doggett appeals.

■ There is a motion to dismiss the appeal on the ground that Doggett is not a party and has no right to appeal. Since the Deauville Corporation had by petition brought him before the court, and the court had entertained his asserted right to have fees fixed and had given him partial relief in allowing him a lien, we think he may appeal on the termination of the case, if not immediately, to review the refusal to fix his compensation on displacing him as attorney of record. See The Flush, 2 Cir., 277 F. 25.

■■ It is everywhere recognized that a client may dismiss his attorney at any time, with or without cause, but if the attorney appears of record as such in a case

in court, an order of the court must be asked if he is to be removed and substituted without his consent. The Flush, 2 Cir., 277 F. 25; Kellogg v. Winchell, 51 App.D.C. 17, 273 F. 745, 16 A.L.R. 1159. As a condition of the displacement the court may require the payment of a fair compensation, if he has not been guilty of misconduct which disentitles him thereto; and the court may preserve any liens the law may give the attorney on papers in his hands and the proceeds of the suit. Such liens are discussed in Everett, Clarke & Benedict v. Alpha Cement Co., 2 Cir., 225 F. 931.

██ If, as here, the attorney is found without fault, it has been held the court ought to fix his compensation and require its payment, and there are statutes or rules of court on the subject in some States, but none in Florida, or specially applying to the federal courts. Federal Rules of Civil Procedure, rule 13(g), 28 U.S.C.A. following section 723c, touching cross claims is argued, but it has no relation to this collateral matter. In Florida we find relief to the displaced attorney denied on the ground that the matter was confused and complicated and his remedy by suit ample; Vosges Syndicate, et al. v. Everglades Club Co. 122 Fla. 267, 164 So. 881. But in Carey v. Gulfport, 140 Fla. 40, 191 So. 45, the trial court was reversed for not granting relief immediately as a condition of the substitution. In the federal courts the power of the court to fix a fee has often been asserted, late cases being John Griffiths & Son Co. v. United States, 7 Cir., 72 F.2d 466; Woodbury, et al. v. Andrew Jergens, 2 Cir., 69 F.2d 49. In an early and much cited case, Wilkinson v. Tilden, C.C.N.Y. 14 F. 778, it is ruled that the exercise of

the power rests in the reasonable discretion of the court. This view is reasserted in DuBois v. New York, 2 Cir., 134 F. 570; Silverman v. Pennsylvania R. Co., C.C.N.Y., 141 F. 382; Everett, Clarke & Benedict v. Alpha Cement Co., 2 Cir., 225 F. 931; Kellogg v. Winchell, 51 App.D.C. 17, 273 F. 745, 16 A.L.R. 1159; United States v. McMurtry, D.C., 24 F.2d 145. We think it the true rule. The client on the one hand is entitled to be represented by an attorney in whose ability and fidelity he has confidence; the unjustly discharged attorney is entitled on the other to reasonable protection, especially if he has an interest in or a lien on the proceeds of the suit, and he always has a lien on any papers in his hands; but the court and the opposite parties to the case ought not to be unduly delayed or vexed by a collateral dispute between an attorney and his client. Necessarily there must be a discretion to be exercised according to the circumstances.[1] In this case the attorney had pending in another court a suit against his individual clients for all his fees, or damages arising from his discharge, which he dismissed voluntarily. The individual clients against whom he asked the district court to fix fees in this case were not parties before the district court. The services for which he asked fees to be fixed included a number of matters not strictly appertaining to this case alone, but equally referrable to his general employment. There turned out to be no recovery, no fund on which a lien could possibly be asserted. We think discretion was well exercised by remitting the whole matter of the attorney's compensation under his contract to a plenary suit against his clients.

Judgment affirmed.

[1] In Woodbury v. Jergens, D.C., 37 F.2d 749, it was said the court must fix the fees. In The Flush, 2 Cir., 277 F. 25, it was said the court would so act "as a general rule". In Echlin v. Superior Court, 13 Cal.2d 368, 90 P.2d 63, 124 A.L.R. 719, a statute so requiring was set aside, and it was ruled that fixing a contingent compensation should await the event of the suit. Many cases on the general subject are collected in the Note beginning on page 725.