The CITY OF HANKINSON, NORTH DAKOTA, Plaintiff,

v.

OTTER TAIL POWER COMPANY, Defendant.

Civ. No. 4316.

United States District Court
D. North Dakota,
Southeastern Division.

Jan. 13, 1969.

Herbert L. Meschke, Jan M. Sebby, and Mark F. Purdy, of Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, N.D., and Alfred A. Thompson, of Thompson, Lundberg & Nodland, Bismarck, N.D., for movants.

Bayard Lewis, Wahpeton, N.D., for plaintiff.

Herman Weiss, of Hjellum, Weiss, Nerison & Jukkala, Jamestown, N.D., and David Lundeen, of Field, Arvesen, Donoho & Lundeen, Fergus Falls, Minn., for defendant.

## MEMORANDUM OPINION

RONALD N. DAVIES, District Judge.

On June 5, 1967, the City of Hankinson, North Dakota, executed an agreement by which it retained the law firms of Thompson, Lundberg & Nodland, Bismarck, North Dakota, and Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, North Dakota, to "investigate possible restraint of trade and violation of antitrust laws by Otter Tail Power Company * * * and if it satisfactorily appears to the aforesaid law firms that there is ground for action, they may, within their sole discretion, initiate and conduct such action or actions on behalf of the City of Hankinson." The attorneys were to receive a contingent fee of 33⅓% of any amount recovered whether by settlement or judgment and "in the event said City of Hankinson shall thereafter elect not to pursue its cause of action against Otter Tail Power Company, it will still be liable to the contracting attorneys herein for all reasonable attorneys' fees and costs sustained by said attorneys in prosecuting said lawsuit."

On July 21, 1967, the instant action was commenced against Otter Tail Power Company by the City of Hankinson with attorneys Herbert L. Meschke, Jan M. Sebby and Alfred A. Thompson entering notices of appearance as plaintiff's attorneys of record.

On July 15, 1968, the City Council of the City of Hankinson passed the following resolution:

"Be it resolved by the City Council of the City of Hankinson, North Dakota:

"Whereas from the beginning of the municipal power project the city has spent cash tax money in excess of $11,000.00 and it appears since receiving statements from various law firms and engineers and others on costs incurred and still owing that there are bills outstanding in excess of $26,000.-00;

"Whereas the outcome of extended litigation is uncertain and no source of power has been obtained and the cost of pursuing this venture is unpredictable;

"Whereas the following persons and firms have represented and been employed by the city in regard to the project of municipal power;

(a) The firms of Herbert L. Meschke and Alfred Thompson, having brought an antitrust suit for the city and against Otter Tail Power Company and also having brought a proceeding be-

fore the Federal Power Commission for the city and against Otter Tail Power Company,

(b) The firm of Maier and Tompt—Electrical Engineers—,

(c) The firm of Faegre & Benson—bond approving attorneys in Minneapolis,

(d) The firm of Allison-Williams—bond brokers in Minneapolis,

(e) The engineering firm of North Central Engineers, Jamestown, N.D.

"Be it now further resolved that the Herbert L. Meschke firm and the Alfred Thompson firm are no longer representing the City of Hankinson in either of the above cases, or on any other matter;

"The Federal Power Commission proceeding against Otter Tail Power Company is Dismissed with prejudice and without costs;

"The anti-trust case against Otter Tail Power Company is dismissed with prejudice and without costs;

"That all of the above named persons and firms are now discharged from further representation and employment by the City of Hankinson in re-gard to all matters relating to the municipal power project.

"That the above named persons and firms shall be immediately notified of this resolution by mailing them a copy of this resolution by certified, return receipt mail and in said notice demand made as follows:

A detailed statement of services and costs up to notification of dismissal be mailed the City Auditor including any depositions, Plans, briefs, and any city records in their possession, covered by such statement.

"That the purpose of this resolution is to avoid any further litigation and the incurring of any further expense to the city.

"The motion for the adoption of the foregoing resolution was duly seconded by Alderman Ahman. On roll call vote on the adoption of the foregoing resolution the vote was as follows: Lingen walked out, Solid yes, Ahmann yes, Jaeger walked out, Braaten walked out, Stein yes, Mayor Roth voted yes.

"Resolution being passed and adopted this 15th day of July, 1968 and was duly filed.

"ATTEST:

WALTER ERNST
Walter Ernst—Auditor
City of Hankinson, N.D.

APPROVED:
JOHN A. ROTH
John A. Roth—Mayor

City of Hankinson, N.D."

------◆------

After being notified of the resolution constituting their discharge, the plaintiff's attorneys filed a motion on July 24, 1968, in which they seek a determination of their attorneys' fees and disbursements incurred in representing the City of Hankinson in the instant matter under the terms of the retainer agreement.

By letter dated August 13, 1968, Bayard Lewis, Esq., Wahpeton, North Dakota, advised the Court of his appointment to represent the City of Hankinson in "winding up their affairs relative to this action."

Desirous of having Mr. Lewis' views on behalf of the City of Hankinson pertaining to the discharged attorneys' motion, an order was entered on August 15, 1968, instructing him to file his notice of appearance and allowing him 25 days in which to file such instruments as might be deemed necessary.

On August 18, 1968, the notice of appearance was filed together with a motion on behalf of the plaintiff to dismiss

the complaint with prejudice and without costs to either party and on September 5, 1968, a brief in opposition to the discharged attorneys' motion was presented.

Prior to considering the discharged attorneys' motion it is necessary to resolve the question of the Court's jurisdiction to do so.

■ The plaintiff is not entitled as of course and without cause to an order unconditionally substituting other counsel for the attorneys of record employed by it, and it is within the discretion of the Court to require that the retained attorneys be paid or secured as a condition to granting the request for substitution of new counsel. First Iowa Hydro Elec. Co-op. v. Iowa-Illinois Gas & Elec. Co., (8th Cir.1957) 245 F.2d 613. The power resides in the Federal Court as ancillary to its conduct of the litigation. The termination of relations between a party in litigation and his attorney is a matter relating to the protection of the Court's own officers. National Equipment Rental, Ltd. v. Mercury Typesetting Co., (2nd Cir.1963) 323 F.2d 784.

"It is everywhere recognized that a client may dismiss his attorney at any time, with or without cause, but if the attorney appears of record as such in a case in court, an order of the court must be asked if he is to be removed and substituted without his consent. The Flush, 2 Cir., 277 F. 25; Kellogg v. Winchell, 51 App.D.C. 17, 273 F. 745, 16 A.L.R. 1159. As a condition of the displacement the court may require the payment of a fair compensation, if he has not been guilty of misconduct which disentitles him thereto; and the court may preserve any liens the law may give the attorney on papers in his hands and the proceeds of the suit." Doggett v. Deauville Corporation, (5th Cir.1945) 148 F.2d 881; United States v. McMurtry, (D.C.N.Y.1927) 24 F.2d 145.

■ The plaintiff takes the position that because it seeks only to dismiss the complaint and has not made a motion for substitution of counsel the foregoing authorities are not applicable. This argument is without merit. See State of Iowa v. Union Asphalt & Road-oils, Inc., (S.D. Iowa 1968) 281 F.Supp. 391 at 397. And the fact that the defendant does not oppose the motion to dismiss does nothing to strengthen the plaintiff's position. This action can only be dismissed at the plaintiff's instance upon order of the Court and upon such terms and conditions as the Court deems proper. Fed.Rules Civ.Proc. rule 41(a) (2).

This Court is of the view that the City of Hankinson, North Dakota, is indebted to Herbert L. Meschke, Esq. and Jan M. Sebby, Esq., Minot, North Dakota, for reasonable attorney fees in the sum of Twelve Thousand One Hundred Ten Dollars ($12,110.00) and legal expenses necessarily incurred by them in the sum of Two Thousand Forty-eight and 07/100 Dollars ($2,048.07), and that the City of Hankinson, North Dakota, is indebted to Alfred A. Thompson, Esq., Bismarck, North Dakota, for reasonable attorney fees in the sum of Two Thousand Seventy-two and 50/100 Dollars ($2,072.50) and legal expenses necessarily incurred in the sum of Two Hundred Forty and 40/100 Dollars ($240.40).

When the above and foregoing attorney fees and costs and expenses have been paid by the City of Hankinson, and receipts executed by Attorneys Meschke, Sebby and Thompson have been filed with the Clerk of this Court, showing that payment has been made thereof, an order may be prepared substituting Bayard Lewis, Esq. as attorney of record for the City of Hankinson. Thereafter this Court will then enter its order, without further notice, dismissing this action with prejudice and without further Costs. But not until then. :