Brian **FINCH**, et al., Plaintiffs,

v.

**SCHNEIDER NATIONAL CARRIERS, INC.,** et al., **Defendants and Third Party Plaintiffs,**

v.

**WINDY HILL FOLIAGE, Third Party Defendant.**

No. 93 C 7632.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 6, 1995.

do on this motion to dismiss, the complaint states a claim for relief under Illinois law.

Scott Bagnall, Robert S. Fritzshall & Associates, for Plaintiffs.

Michael E. Dowd, Anthony R. Rutkowski, Dowd & Dowd, Ltd., for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

As one result of the departure of plaintiffs' lawyer Scott Bagnall, Esq. ("Bagnall") from his former law firm in which he was affiliated with Sidney Abelski ("Abelski"), Abelski—acting both individually and on behalf of Abelski & Associates, Ltd., Abelski, Bagnall & Rinker, Ltd. and Abelski & Bagnall, Ltd.—has moved to spread of record a lien for attorneys' fees and costs covering services rendered in this action for the period before Bagnall and Abelski parted company. By his motion Abelski contemplates this Court's later resolution of the dispute between him and Bagnall if and when this action then produces a recovery for plaintiffs and hence a fee for their lawyer or lawyers. This Court has taken that motion under advisement pending Abelski's and Bagnall's submission of authorities that they regard as supporting their respective positions on the subject.

For that purpose Abelski has called this Court's attention to *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967 (9th Cir. 1978). Bagnall has in turn advised that he wishes to tender no other authorities (obviously viewing *Moore* as supporting his position rather than Abelski's). Here is the relevant language from *Moore, id.*:

> While there is an absence of Ninth Circuit authority on point, several other circuits have held that a district court has power to permit the substitution of attorneys and determine fees, disbursements and liens, as ancillary to the conduct of the principal litigation. *Iowa v. Union Asphalt and Roadoils, Inc.*, 409 F.2d 1239, 1244 (8th Cir.1969), *affirming Iowa v. Union Asphalt and Roadoils, Inc.*, 281 F.Supp. 391

(S.D.Iowa 1968); *National Equipment Rental Ltd. v. Mercury Typesetting Co.*, 323 F.2d 784, 786 (2d Cir.1963); *Demeulenaere v. Rockwell Mfg. Co.*, 275 F.2d 572, 574 (2d Cir.1960); *Doggett v. Deauville Corp.*, 148 F.2d 881, 883 (5th Cir.1945). Whether to do so, however, is a matter within the trial judge's discretion.

Although no Seventh Circuit authority has been invoked by either litigant, this Court certainly views as persuasive the uniform concurrence of four Courts of Appeals elsewhere as to the existence of jurisdiction. That then reduces the inquiry to whether an appropriate exercise of discretion does or does not call for this Court to undertake the ancillary determination that has been requested by Abelski. And in that respect it is important to understand that this two-year-old action is scheduled to reach the stage of readiness for trial during the next 2½ months (that time frame will encompass the already-set timetable for (1) close of discovery, (2) filing of the proposed final pretrial order and (3) conduct of the pretrial conference held to discuss that order and to set the case for trial).

Just last month this Court denied a motion to intervene that had just been brought by an insurance carrier asserting that it was entitled to reimbursement out of any recovery that plaintiffs might obtain in this action. Essentially the same reasons that informed that decision—a desire not to interfere with the imminent prompt resolution of this action through trial, coupled with a desire not to take on extraneous or collateral issues—applies with full force to Abelski's motion. Counsel's internecine warfare over their respective entitlements to attorneys' fees if plaintiffs win the case has *nothing* in common with the underlying action except for the fact (which is really irrelevant for this purpose) that the underlying action is the goose that both lawyers hope will lay the golden egg that may or may not have to be shared in some amount. Indeed, both *Moore, id.* and two of the other Court of Appeals decisions cited and discussed in *Moore* have all held that it was not an abuse of discretion for the district courts involved there to refuse to hear the collateral disputes

between the lawyers, remitting them instead to independent actions in courts of competent jurisdiction.

Accordingly Abelski's motion is denied. This denial is of course without prejudice to Abelski's right to pursue Bagnall in an appropriate forum as and when the hoped-for golden egg—an attorney's fee—is actually laid.