**ESTEE CANDY CO., Inc.**

v.

**UNITED STATES.**

C.R.D. 72–12;  Nos. R65/17442, etc.

United States Customs Court.
June 29, 1972.

Sharretts, Paley, Carter & Blauvelt, New York City (Eugene F. Blauvelt, New York City, of counsel), attorneys of record for plaintiff.

Donohue & Shaw, New York City (Joseph F. Donohue and Charles P. Deem, New York City, of counsel), incoming attorneys.

Harlington Wood, Jr., Acting Asst. Atty. Gen. (Andrew P. Vance, New York City, trial attorney), for defendant.

BOE, Chief Judge:

The plaintiff in this proceeding has filed a motion seeking to substitute the law firm of Donohue and Shaw [Donohue] for the law firm of Sharretts, Paley, Carter & Blauvelt [Sharretts], the present attorneys of record.

Sharretts has objected to the motion for substitution until just and reasonable compensation has been paid to them for legal services rendered to the plaintiff.

■ It is a well settled and established rule of law that a party litigant has a right to discharge and to terminate contractual relations with his attorney at any time. Paolillo v. American Export Isbrandtsen Lines, Inc., 305 F. Supp. 250 (S.D.N.Y.1969); Schwartz v. Broadcast Music, Inc., 130 F.Supp. 956 (S.D.N.Y.1955).

Neither party to these proceedings disputes this fundamental rule and both are in accord that the plaintiff has the right, subject to the approval of this

court, to the substitution of attorneys which it seeks.

■■ Inherent in this court is the power, ancillary to its conduct and determination of litigation, to regulate and protect its officers. It is, therefore, well recognized that prior to the entry of an order approving the substitution of attorneys who have been discharged without cause, the court may require the payment of attorney's fees in such an amount as may be determined to be fair and equitable for the services performed prior to discharge and upon such terms as it deems just. John Griffiths & Son Co. v. United States, 72 F.2d 466 (7th Cir. 1934); City of Hankinson, North Dakota v. Otter Tail Power Co., 294 F. Supp. 249 (D.N.D.1969).

Accordingly, the sole question for determination in this proceeding is the fair and reasonable value of the services which have been performed by the law firm of Sharretts, Paley, Carter & Blauvelt prior to its discharge by the plaintiff.

Sharretts submitted as an exhibit, a statement presented to the plaintiff in the total amount of $15,000, allegedly for services rendered to the plaintiff on a quantum meruit basis over the course of several years. It appears from said exhibit that the sum of $3,500 has been credited as being paid by the plaintiff to the law firm. No itemization has been submitted with respect to the character of the services valued at the sum of $15,000, nor is any itemization submitted with respect to these services for which the sum of $3,500 has been credited as paid. In the absence of more cogent evidence to the contrary it is reasonable to assume that the sum of $3,500, which is acknowledged to have been paid by the plaintiff to Sharretts, was, at least in part, payment for the preparation and trial of the test case under which the subsequent stipulated agreements have been submitted.

Neither party to these proceedings has provided the court with facts from which a clear and definitive understanding can be reached as to the amount of the savings which will inure to the plaintiff from the cases in which stipulation agreements are now pending. From the representations made by Mr. Deem, formerly employed by Sharretts, and presently associated with Donohue, a fair estimate of such savings resulting to the plaintiff would be approximately $21,000–$22,000. Neither firm . has presented a reasonable estimate of the value of the services rendered by Sharretts in the processing of the stipulations prior to discharge. Nor have the firms been definitive as to the amount and nature of the work remaining to be done before the plaintiff may receive any refund to which it is entitled.

■ The evidence is undisputed that subsequent to the favorable final decision entered in the case of Estee Candy Co., Inc. v. United States, 65 Cust.Ct. 702, R.D. 11719 (1970), Sharretts and the plaintiff entered into a contingent fee contract wherein the plaintiff was to pay the said law firm a sum equivalent to 25% of the duty savings resulting from the preparation and processing of stipulations and agreed statements of fact in the 183 cases which are the subject of the instant motion. Although the discharge of Sharretts without cause nullified the underlying employment contract, it is well recognized that the contract amount may be properly considered by the court as evidence of the just and reasonable value of the services performed by the law firm prior to its discharge.

■ From an examination of the respective affidavits of the parties, the transcript of oral argument, and submitted memoranda, this court is of .the opinion that the fair and reasonable value of the services rendered by Sharretts, Paley, Carter & Blauvelt in connection with the preparation and processing of the stipulations and agreed statements of fact in the cases which are the subject of the instant motion, is in the total sum of $4,235, said sum being in addi-

tion to any and all sums previously paid by the plaintiff to Sharretts.

Although in many instances the federal courts have required the full payment of a determined fee as a condition precedent to the granting of an order for the substitution of attorneys, this court is not disposed to require the payment of the said sum of $4,235 forthwith and prior to the actual payment by the Treasury of the United States of the recovery which may become due in the instant cases. Accordingly, it is hereby

Ordered that the motion of the plaintiff in the within proceedings be and the same is hereby granted and that the law firm of Donohue and Shaw be and is hereby substituted for the law firm of Sharretts, Paley, Carter & Blauvelt in the cases enumerated on the attached schedule; and it is further

Ordered that the plaintiff pay to the law firm of Sharretts, Paley, Carter & Blauvelt the sum of $4,235 as just and reasonable compensation for the services rendered by said law firm in connection with the preparation and submission of stipulations and agreed statements of fact in the said enumerated cases; and it is further

Ordered that the plaintiff, upon receipt of any recovery and payment from the Treasury of the United States in connection with the cases which are the subject of the instant motion, shall forthwith pay said sums to the law firm of Sharretts, Paley, Carter & Blauvelt until such time as the total sum of $4,235 has been fully paid. That the law firm of Sharretts, Paley, Carter & Blauvelt shall have a lien upon the proceeds of such recoveries until the said sum of $4,235 is fully paid; and it is further

Ordered that this court shall retain jurisdiction over the subject matter and parties in the within proceedings until all of the conditions as hereinbefore set forth have been fully complied with.