RANDOM ACRES DEVELOPMENT CO.,
INC., et al., Appellants,

v.

Thomas W. TIERNEY, Sr., et
al., Defendants,

and

William K. Poindexter,
Movant-Respondent.

No. WD 29401.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Donald V. Pierce, Jr., Kansas City, for appellants.

Michael C. McCormick, Lee's Summit, for movant-respondent.

Before HIGGINS, Special Judge, Presiding, WELBORN, Special Judge, and PRITCHARD, J.

PRITCHARD, Judge.

The issue is whether movant-respondent Poindexter is entitled to $2,000.00 attorney fees, as allowed by the trial court, for services rendered to appellant, Random Acres, prior to his discharge as counsel and substitution of other counsel, where there was a subsequent dismissal of Random Acres petition and no fund was created for its benefit.

On behalf of Random Acres and other plaintiffs, Poindexter, on October 6, 1975, filed a suit against Thomas W. Tierney, Sr., Thomas W. Tierney, II, Robert C. Tierney and Margaret Tierney, seeking in Count I the production of corporate books and financial records; in Count II, $750.00 dam-

ages under § 351.215, RSMo 1969, for refusal and neglect to produce the corporate records; and for damages in Count III for allegedly wrongfully and without authority making a bank loan secured by corporate real property. At 5:30 p. m., on the same day suit was filed, a meeting of the board of directors of the corporation was held at which defendant, Thomas W. Tierney, Sr., was elected president, defendant, Robert C. Tierney, was elected vice president, and defendant, Thomas W. Tierney, II, was elected secretary. These directors then adopted a resolution to terminate Poindexter's engagement as counsel, and also adopted a resolution appointing Thomas W. Tierney as corporate counsel. On March 3, 1976, a second amended petition was filed, adding Count IV for certain further damages arising 'out of the corporate loans. This petition was met with a renewed motion to dismiss for failure to state a claim.

On June 3, 1976, Poindexter moved for permission to withdraw as counsel, and hearings were had thereon on June 25, 1976, and on August 6, 1976, on which latter date Poindexter and his associate, McCormick, were permitted to withdraw for all purposes. On September 13, 1976, Poindexter filed the instant motion for attorney fees, and the order permitting the withdrawal as counsel was then rescinded. Further hearings were had on the motion and the value of services. The court found that Poindexter had been counsel for the corporate plaintiff from March 11, 1975 to October 6, 1975, and awarded him the here contested fee.

Respondent cites 7 C.J.S. Attorney and Client § 122, p. 954. That authority, and the cases cited thereunder, bespeak of counsel having a lien or a claim for attorney fees and expenses, where there is no special circumstance requiring preservation of the lien or claim. In the there cited cases, and those relied upon by respondent, *John Griffiths & Son Co. v. United States*, 72 F.2d 466 (C.A. 7th 1934), there was a contingent fee contract (obviously an attorneys' lien matter) wherein the court retained jurisdiction to hear evidence upon all claims and demands of appellants, accountants-attorneys; *Estee Candy Co. v. United States*, 343 F.Supp. 1362 (Cust.Ct., 1972), also involving discharged counsel under a contingent fee contract, the court merely preserving to counsel the payment of fees when payment from the United States should be received, reserving jurisdiction in respect thereto; *City of Hankinson, North Dakota v. Otter Tail Power Co.*, 294 F.Supp. 249 (D.C.N.D. 1969), where the contract between counsel and the city provided that if the city elect not to pursue its cause of action, it should (still) be liable for reasonable attorney fees and cost. The court applied the federal rule that the city's dismissal of its claim should be conditioned upon its payment of counsel fees, as found; *First Iowa Hydro Elect. Corp. v. Iowa-Illinois Gas & E. Co.*, 245 F.2d 613 (C.A. 8th 1957), where a master was appointed wherein counsel fees on behalf of plaintiffs were incurred, much before a trial stage. Held, it was within the discretion of the court or master to require attorneys to be paid as a condition for the substitution of new counsel—an on-going proceedings; and *Doggett v. Deauville Corporation*, 148 F.2d 881 (C.A. 5th 1945), which speaks also of preserving liens of attorneys. *Rogers Walla Walla, Inc. v. Ballard*, 16 Wash.App. 92, 553 P.2d 1379 (1976), applied a specific statute allowing attorney fees to counsel who was dismissed upon substitution of other counsel before allowing the withdrawal.

In this case there is no existent, statutory attorney's lien. § 484.130, RSMo, grants an attorney's lien upon his client's cause of action or counterclaim, "which attaches to a verdict, report, decision or judgment in his client's favor, * * *." There is of course no judgment here, Random Acres having dismissed its petition with prejudice, which is its posture as it arrives in this court. See *Young v. Levine*, 326 Mo. 593, 31 S.W.2d 978 (1930); *Munday v. Thielecke*, 290 S.W.2d 88 (Mo.1956); and *Downs v. Hodge*, 413 S.W.2d 519 (Mo.App.1967), holding that although the lien comes into existence upon the filing of the claim, it attaches only to the judgment in the client's favor and the proceeds thereof.

In *Universal Oil Products Co. v. Standard Oil Co. of Indiana*, 6 F.Supp. 37 (D.C.Mo. 1934), affirmed, *German v. Universal Oil Products Co.*, 77 F.2d 70 (8th Cir. 1935), it

was held in similar circumstances to this case, that an attorney for plaintiff in a patent infringement case, which was dismissed by it, could not summarily proceed (by intervention) to collect compensation for legal services rendered, his remedy being by independent action at law upon contract, or in equity to foreclose attorney's lien (which lien is here nonexistent). See also *McLaughlin v. McLaughlin*, 427 S.W.2d 767 (Mo.App.1968), where a wife discharged her counsel and dismissed her divorce petition. Held, that since the attorney no longer represented the wife, and had no personal interest in the suit, his motion for attorney's fees should have been denied.

The motion here for allowance of counsel fees should have been denied. It is noted that counsel's total claim was for $7,689.20, and the court allowed him only $2,000.00. He may still have his claim for compensation for legal services in an independent action as by quantum meruit. *Elliott v. Empson*, 555 S.W.2d 46, 47[2] (Mo.App. 1977).

The judgment is reversed.

All concur.