PERSONAL ELECTRONICS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83-1-00045

Before RAO, *Judge.*

(Dated April 12, 1983)

*Mandel and Grunfeld (Irving A. Mandel, Robert B. Silverman* and *Steven P. Florshiem* of counsel) attorneys of record for the plaintiff.

*Leonard M. Fertman Professional Corporation (Leonard M. Fertman* of counsel) incoming attorneys.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office *(Jerry P. Wiskin,* Trial Attorney) for the defendant.

RAO, *Judge:* This case is before the court on Mandel and Grunfeld's motion in opposition to a notice of substitution of attorneys filed by Leonard M. Fertman Professional Corporation in the above-captioned case. Defendant takes no position with respect to this motion.

Plaintiff Personal Electronics, Inc. (PEI) retained Mandel and Grunfeld a special customs counsel on or about December 1, 1980 pursuant to an oral agreement by reason of which PEI would pay for services on a contingency basis. Mandel and Grunfeld subsequently attempted to memorialize this agreement by written memorandum to plaintiff, specifying that the contingency arrangement would apply to all entries made within one year from the date of a "final favorable decision with regard to any particular matter" (Exhibit 2 to Mandel and Grunfeld's reply memorandum). Whether PEI had previously understood that a fee would be paid to Mandel and Grunfeld for an additional year on entries that were not disputed by the United States Customs Service is not clear, but it did not approve the acknowledgment letter.

Mandel and Grunfeld undertook to represent plaintiff in it legal matters having to do with customs issues, with the cooperation of plaintiff's personnel, including the execution of a form authorizing the Customs Service to release information to Mandel and Grunfeld as attorneys for plaintiff and to send refund checks to Mandel and Grunfeld.

Plaintiff apparently became dissatisfied with its fee arrangement with Mandel and Grunfeld and retained other counsel, Leonard M. Fertman Professional Corporation, as customs counel under a different fee schedule, on or about January 23, 1981. Mandel and Grunfeld was notified by the new counsel on January 27, 1981 of the change and was requested to forward all files, papers, documents and other things pertaining to plaintiff to the new counsel.

Mandel and Grunfeld commenced this civil action on behalf of PEI in January of 1983.

This court has held that a party litigant has the right to discharge and to terminate contractual relations with its attorney at any time, with or without cause. *Estee Candy Co.* v. *United States,* 68 Cust. Ct. 384, 385, C.R.D. 72–12 (1972). There can be no question that once an attorney is discharged, the authority to represent the client is terminated. The authority exercised on the behalf of the client must thereafter be ratified by it. In the instant action, PEI has ratified the authority of Mandel and Grunfeld to file a summons on its behalf by requesting a substitution of attorneys, but does not ratify the authority of Mandel and Grunfeld to represent it in future proceedings herein.

Mandel and Grunfeld alternatively ask this court to determine the fees due to it for the services it performed for plaintiff. Howev-

er, it is entitled only to those fees that it earned prior to the discharge. *John Griffiths & Sons Co.* v. *United States,* 72 F.2d 466 (7th Cir. 1934). It is also entitled to be compensated for services rendered which PEI ratified.

Mandel and Grunfeld submitted a statement to PEI on February 10, 1981 for professional services rendered for the period of December 1, 1980 through February 3, 1981, including disbursements, in the amount of $8,150.78. It is unclear to this court, however, whether any of these charges were attributable to the contingency fee arrangement by which the parties were bound until Mandel and Grunfeld was discharged in January, 1981 and whether any of the charges have been retained by Mandel and Grunfeld from refunds of duties coming into its hands on behalf of PEI from the Customs Service.

Absent affidavits or other evidence as to the reasonableness of the amounts set out by Mandel and Grunfeld in its statement and their continuing pendency, this court cannot render an opinion as to the fair and reasonable value of the services which are outstanding. Accordingly, it is hereby

ORDERED that the motion to strike the notice of substitution of attorneys be and the same hereby is denied, and it is further

ORDERED that the parties hereto submit proofs by way of affidavits or other evidence at a hearing on a date to be set by the parties hereto within thirty (30) days from the date of this order establishing the fair and reasonable value of the services rendered and the sums disbursed by Mandel and Grunfeld prior to the termination of its representation of plaintiff or which plaintiff ratified, and it is further

ORDERED that this court shall retain jurisdiction over the subject matter and the parties in the within proceedings until all the conditions herein set forth have been fully complied with.