**LAKER AIRWAYS LIMITED, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS, et al., Defendants.**

**LAKER AIRWAYS LIMITED, Plaintiff,**

v.

**SABENA, BELGIAN WORLD AIRLINES, et al., Defendants.**

**LAKER AIRWAYS LIMITED, Plaintiff,**

v.

**UNION DE TRANSPORTS AERIENS, et al., Defendants.**

**Civ. A. Nos. 82–3362, 83–0416 and 83–2791.**

United States District Court, District of Columbia.

Aug. 29, 1985.

Pierre Murphy, David M. Kirstein, Robert M. Beckman, Patricia A. Hahn, Beckman, Farmer & Kirstein, Michael Nussbaum, Martin R. Baach, Carl W. Schwarz, Metzger, Shadyac & Schwarz, Washington, D.C., for Laker Airways Ltd.

Lloyd N. Cutler, James S. Campbell, Gary D. Wilson, Wilmer, Cutler & Pickering, Laurence A. Short, William Karas, David H. Coburn, Short, Klein & Karas, P.C., Washington, D.C., for Lufthansa.

Fred D. Turnage, Eugene M. Goott, Gregory W. Buhler, Cleary, Gottlieb, Steen & Hamilton, Washington, D.C., for Pan Am.

George T. Manning, Chadbourne, Parke, Whiteside & Wolf, Washington, D.C., for Trans World Airlines.

Leonard N. Bebchick, Willis B. Snell, Douglas E. Rosenthal, Michael L. Denger, Willard K. Tom, Francis M. Gregory, Jr., Sutherland, Asbill & Brennan, Stephen Yale-Loehr, Washington, D.C., for British Caledonian Airways.

Sidney S. Rosdeitcher, Peter Buscemi, Paul, Weiss, Rifkind, Wharton & Garrison, Washington, D.C., for British Airways Bd.

James J. Murphy, Daniel C. Schwartz, Nancy E. LaSater, Bryan, Cave, McPheeters & McRoberts, Washington, D.C., for McDonnell Douglas.

William R. Richardson, Jr., David Westin, Carol F. Lee, Wilmer, Cutler & Pickering, Washington, D.C., for Lufthansa German Airlines Deutsche Lufthansa Aktiengesellschaft.

## MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

Donald A. Farmer, Jr., an attorney formerly with the firm of Beckman, Farmer &

Kirstein,[1] has moved to intervene in this litigation. That firm at one time represented the plaintiff herein,[2] but some time ago, under circumstances which are disputed and are in any event not relevant to the motion as it is being decided by the Court, the firm split up. In more recent times plaintiff has been directly represented by the firms of Beckman and Kirstein, and Metzger, Shadyac and Schwarz.[3] During the past several months, intensive settlement negotiations have been conducted,[4] and it appears that a final, binding settlement has been reached subject only to the approval of the court in Jersey.[5]

As part of this settlement, the defendants agreed to pay the Liquidator's attorneys fees in the amount of $12.5 million, to be split evenly between the Beckman and Shadyac firms.[6] Farmer claims in his motion to intervene that, as one of the partners in the Beckman firm at the time the lawsuit was brought and for some time thereafter, he is entitled to part of the attorneys' fees and that, in order to protect that interest, he should be permitted to intervene. More specifically, the motion requests (1) that he be allowed to intervene for the limited purpose of protecting his interest in payments to the plaintiff's attorneys; (2) that the Court order the parties to disclose to him any agreements to settle these actions and all information pertaining to payments to the Beckman firm in connection with the settlement; and (3) that the Court order all payments in connection with the settlement of these actions to the Beckman firm to be paid into the registry of the Court to be held in trust pending resolution of the Farmer claim.

The various parties to the principal action have in the main not opposed the proposed intervention provided that (1) it is limited to Farmer's dispute with the Beckman firm, and that (2) it will not give to Farmer any rights to challenge the settlement, the amounts to be paid thereunder, or the dismissal of the lawsuit. However, Beckman and Kirstein have filed a motion requesting leave to oppose intervention and, in the alternative, if Farmer is permitted to intervene, they seek similar intervenor status.

I

■ Under the Federal Rules of Civil Procedure, intervention may be as of right or it may be permissive. Rule 24(a)(2) provides that an applicant "shall" be permitted to intervene when he claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the ac-

1. The firm was at other times known as Beckman and Farmer.

2. On June 26, 1984, the Court had occasion to consider defendants' effort to disqualify Farmer from participating in the representation of plaintiff in this action. *Laker Airways v. Pan American World Airways*, 103 F.R.D. 22 (D.D.C. 1984).

3. On July 12, 1985, Messrs. Nussbaum and Baach of Nussbaum, Owen and Webster filed an entry of appearance as counsel for plaintiff.

4. These negotiations were unusually complex because of interests asserted at various times by the 12 airlines and other corporations which are the defendants herein; the Liquidator of Laker Airways Limited; numerous creditors of the corporation in liquidation; Sir Freddie Laker, the principal shareholder; Joan Laker, his former wife; as well as the several sets of attorneys.

5. Plaintiff Laker Airways Limited is a wholly owned subsidiary of Laker Airways (Interna-

tional), Ltd. The parent corporation is presently in liquidation under the laws of the United Kingdom whereas Laker Airways, Ltd., plaintiff in this action, is a corporation in liquidation under the laws of the Island of Jersey. Both U.K. and Jersey courts have held hearings on the appropriateness of the proposed settlement.

6. Payments to the Nussbaum firm are under a separate contract which has not come before the Court. The discussion with Beckman and Kirstein also covered payment of approximately $326,000 for pre-liquidation services to Laker Airways, Ltd. With respect to these funds, Beckman and Farmer are essentially creditors of the corporation in liquidation and neither individual has any more right to intervene in this action than the many other creditors of the corporation. Accordingly, the Court limits its analysis of the motion to intervene to the question of intervention to protect the right to attorneys' fees for services rendered in this litigation.

tion "may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Rule 24(b) grants discretion to the courts to allow intervention of a party when his claim or defense have a question of law or fact in common with the main action. The Rule goes on to state that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The Court has concluded that Farmer should not be allowed to intervene under either part of the Rule.

Farmer has stated in his papers again and again that he "does not seek in this motion to increase whatever amount of compensation was agreed" in the Laker settlement with respect to attorney's fees. Memorandum of July 26, 1985 at 10. In his Reply Memorandum of August 15, 1985, he likewise states (at pp. 12–13) that he "has made clear that he does not seek to delay settlement of these actions nor to increase the payments made to plaintiff's attorneys. He does seek to prevent payment of money to which he is entitled to Messrs. Beckman and Kirstein...."

In view of these representations, it is clear that Farmer's intervention in this lawsuit would serve no useful purpose and that his claim does not present common questions of fact or law with the main action. His quarrel is not with either the plaintiff or the defendants to this lawsuit. More specifically, he does not seek to impose any greater obligations on the plaintiff or the defendants than they would have under the proposed settlement in any event: his quarrel is solely with his former partners with regard to the division of the attorneys' fees which will be paid pursuant to the settlement. That conclusion undermines Farmer's arguments both with re-

spect to intervention as of right and with respect to permissive intervention, as follows.

The protection of Farmer's interest is not, as a practical matter, impaired or impeded even if he is not permitted to intervene in this action. As far as the amount of the attorneys' fees is concerned, his interest and that of Beckman and Kirstein are identical: to make certain that they are paid by defendants in accordance with the agreement. To the extent that Farmer has a dispute, it is with Beckman and Kirstein concerning the division of the $6.25 million in attorneys' fees which that set of attorneys is to receive.[7] However, that dispute is entirely separate and apart from the instant lawsuit (involving as it does questions of antitrust law and relations and comity between nations). Indeed, Farmer has implicitly recognized that basic fact by bringing a lawsuit in the D.C. Superior Court on July 26, 1985, seeking from the Beckman firm or firms a partnership accounting, damages, and an injunction. See *Farmer v. Beckman, et al.*, filed in Superior Court on July 26, 1985.

In deciding whether to grant an application for intervention as of right, the Court of Appeals has refused to apply a mechanical test of whether an individual has an "interest" in the outcome of the litigation.[8] Rather, the court has considered the policies underlying the right to intervene in determining whether such intervention is appropriate. When attempting to define the interest requirement in *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967), the court said:

We know of no concise yet comprehensive definition of what constitutes a litigable "interest" for purposes of standing and intervention under Rule 24(a). One court has recently reverted to the narrow formulation that "interest" means "a specific legal or equitable interest in the

---

**7.** The total amount of attorneys' fees is $12.5 million; but one-half of that is to go to Metzger, Shadyac and Schwarz.

**8.** As Farmer's motion indicates, there is some authority for the proposition that an attorney with a contingent fee contract has an interest in the litigation sufficient to establish a right to

intervene. *Gaines v. Dixie Carriers*, 434 F.2d 52 (5th Cir.1970). In that case, it should be noted, the Court permitting intervention was also the tribunal deciding the underlying attorney fee dispute and the intervention only occurred after the case-in-chief was dismissed.

chose" ... We think a more instructive approach is to let our construction be guided by the policies behind the "interest" requirement. We know from the recent amendments to the civil rules that in the intervention area the "interest" test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. (citations omitted).

Similarly, in another opinion on the question of intervention as of right, the court stated:

> The decision whether intervention of right is warranted thus involves an accomodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending. Since this task will depend upon the contours of the particular controversy, general rules and past decisions cannot provide uniformly dependable guides.

*Smuck v. Hobson,* 408 F.2d 175, 179 (D.C. Cir.1969).

These policies call for a denial of Farmer's motion. Intervention will not contribute to judicial economy since the underlying questions of law and fact with respect to the partnership dispute will be heard in the Superior Court and those issues are in no way before this Court. Indeed, there is no conceivable way that Farmer's intervention is "compatible with efficiency and due process" [9] or "will achieve judicial economies of scale by resolving related issues in a single lawsuit." [10]

On the other hand, Farmer's intervention could seriously disrupt the future of this lawsuit. The Liquidator, who represents the interests of numerous creditors and shareholders of Laker Airways, has decided that it is appropriate to settle this case and dismiss this action. Achievement of the settlement required some eight months of often intensive negotiations, carried out by the many different parties in interest in many locales (*e.g.,* Washington, London, Geneva, Miami). In fact, as this Court can attest from its own participation, because of the multitude of actual and possible parties and actual and possible lawsuits, these negotiations were difficult and the settlement was and still is fragile. It is not inconceivable that if Farmer were to be permitted to intervene at this late stage, the settlement will, once again, unravel to the significant prejudice of the rights of the various parties.[11] Thus, the Farmer motion fails both under Rule 24(a) and Rule 24(b).

For these reasons, the Court will deny the motion to intervene and leave Farmer to his remedies in Superior Court.

## II

■ This does not mean, however, that measures are not appropriate to safeguard the Farmer interest pending appropriate proceedings in the Superior Court.

Farmer claims that Beckman, his former partner, has been guilty of questionable conduct during the settlement negotiations and otherwise, and that he has repeatedly made false representations to the Court and others. August 15, 1985 Reply Memorandum at 4–7; Supporting Affidavit ¶ 9–18. As the transcripts of the most recent settlement negotiations show, the Court has also had occasion to express itself adversely concerning the reliability of representations made by Beckman. Transcript of August 12, 1985 hearing in chambers, p.

---

**9.** *Nuesse v. Camp, supra.*

**10.** *Smuck v. Hobson, supra.*

**11.** It should also be noted that, although Farmer has given the seemingly unequivocal assurances as to the limited nature of his intervention request referred to above, he has also stated that the conditions recommended by the Laker Liquidator on any intervention "seeks to preclude Mr. Farmer from seeking to modify the agreements in principle to settle these actions set forth in the transcripts of July 12, 1985, and provides that Mr. Farmer's consent shall not be required in connection with the dismissal of these actions with prejudice." Reply dated August 15, 1985 at 12. Whatever that ambiguous statement is intended to convey, it could easily be converted into a peg for a renegotiation of the entire settlement agreement between Mr. Farmer and all the other parties.

17, 19, 51. Moreover, although Beckman agreed at the July 12, 1985 settlement discussions that he and his firm would be responsible for any claims by Farmer [12] this concession came about only after considerable equivocation. In light of Beckman's attitude in general, this concession cannot be regarded as an iron-clad guarantee that Farmer will indeed receive what, if anything, he is due should the monies be paid over to Beckman without safeguards designed to ensure that the issue is not mooted before the appropriate court adjudicates the merits or has an opportunity to decline to do so.

To achieve that objective, the Court will require the defendants to retain in their possession the monies to be paid under that settlement to the Beckman firm for a period of seven days following the filing of a Stipulation of Dismissal [13] so as to afford Farmer an opportunity to avail himself of such remedies as the Superior Court may be willing to afford him. The Court will also require that the payment of the attorneys' fees to the Beckman firm take place in the District of Columbia.[14]

### III

For the reasons stated, it is this 29th day of August, 1985

ORDERED that Donald A. Farmer's motion to intervene in this action be and it is hereby denied; and it is further

ORDERED that Beckman and Kirstein's motion to intervene in this action be and it is hereby denied; and it is further

ORDERED that the entry of appearance by Thomas A. Guideboni on behalf of Beckman and Kirstein, who are not parties to this litigation, be and it is hereby ordered to be withdrawn; and it is further

ORDERED that the defendants shall not pay to the firm of Beckman and Kirstein, or to Beckman or Kirstein individually, any portion of the $6.25 million plus interest attributable to that firm's share of attorneys' fees until seven days after the filing with this Court of the Stipulation of Dismissal of these actions; and it is further

ORDERED that the parties shall serve a copy of any such Stipulation of Dismissal on the attorneys for Donald Farmer on the day that such Stipulation is filed with the Court; and it is further

ORDERED that the payment of the Beckman and Kirstein attorneys' fees shall occur in the District of Columbia.

---

**12.** Transcript of July 12, 1985 meeting in chambers; Statement by Mr. Beckman at p. 5; Statement by Mr. Kirstein at p. 9.

**13.** At the August 12, 1985 meeting in chambers, the parties agreed that the attorneys' fees would be paid within 7 days of the "consummation of the settlement." Consummation of settlement was defined to mean final and unreviewable approval from English and Jersey courts, delivery of releases by the liquidators and entry of the stipulation of dismissal. This order accordingly does not alter the procedure agreed to by the parties but it does give to Farmer an assurance that the method and timing of the payment will not be changed.

**14.** As indicated in note 6, *supra,* these conditions do not apply to the attorneys' claims as creditors. Furthermore, the Court is of the view that the transcripts of the relevant discussions before this Court furnish to Farmer adequate information about the proposed settlement so as to enable him to pursue his remedies against Beckman and Kirstein before the Superior Court.