HOUSE OF LLOYD, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85–4–00508

(Decided: August 31, 1987)

*Peter S. Herrick, pro se* petitioner.
*Herbert P. Larsen,* for plaintiff.
*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, United States Department of Justice (*Veronica A. Perry*) for the defendant.

MEMORANDUM AND ORDER

RESTANI, *Judge:* Peter S. Herrick, an attorney formerly with the law firm of Herrick & Larsen, seeks an order granting compensation for legal services rendered in this case. The court previously refused to grant Mr. Herrick intervenor status to pursue his contractual interests, if any, in the ultimate resolution of this classification case. *House of Lloyd v. United States,* 11 CIT 278, 659 F. Supp. 248

(1987). The present motion for relief by a prior attorney of record is made, in part, pursuant to this court's Rule 75(c).

In support of his motion for relief, Mr. Herrick avers that the firm of Herrick & Larsen was retained by plaintiff pursuant to a contingent fee contract, that the firm dissolved, that a notice of substitution was filed designating the office of Herbert P. Larsen as attorney of record, and that such substitution constitutes a discharge without cause of Peter S. Herrick. Mr. Herrick argues that as an attorney discharged without cause, he is entitled to attorney's fees on a *quantum meruit basis.*

Plaintiff's counsel argues that Rule 75(c) only provides for a motion by "the prior attorney of record" and that in this case, the prior attorney of record was the firm of Herrick & Larsen, not Mr. Herrick. In addition, plaintiff's counsel states that Mr. Herrick, as an individual, did not contract to undertake the instant litigation, was not retained to do so (and therefore could not have been "discharged," with or without cause) and was not even the responsible individual attorney within Herrick & Larsen. Plaintiff concludes that "[w]hatever rights Mr. Herrick may possess are the consequence of the partnership agreement and the laws of the State of New York."

DISCUSSION

Plaintiff's counsel appears to view the court's power in this case as limited by the specific language of Rule 75(c), and concludes that if Mr. Herrick is not "the prior attorney of record," within the meaning of Rule 75(c), the court has no power to grant relief to Mr. Herrick. Regardless of whether Mr. Herrick may be considered the prior attorney of record, the court may possess a broader inherent power to grant appropriate relief upon the substitution of attorneys, "ancillary to its conduct and determination of litigation, to regulate and protect its officers." *Estee Candy Co.* v. *United States,* 68 Cust. Ct. 384, 385, 343 F. Supp. 1362, 1363 (1972). *See, e.g., National Equipment Rental* v. *Mercury Typesetting Co.,* 323 F.2d 784, 786 (2d Cir. 1963); *Moore* v. *Telfon Communications Corp.,* 589 F.2d 959, 967 (9th Cir. 1978); *Pay Televisions of Greater N.Y.* v. *Sheridan,* 766 F.2d 92, 94 (2d Cir. 1985); *Novinger* v. *E.I. DuPont De Nemours & Co.,* 809 F.2d 212, 217–18 (3d Cir. 1987); *In re Coordinated Pretrial Proceedings, Etc.,* 520 F. Supp. 635, 655 (D. Minn. 1981) and cases cited therein.

Assuming that Mr. Herrick could show that he was "the prior attorney of record," within the meaning of Rule 75(c), or that the court otherwise has the power to grant his relief, he must still make a showing of entitlement to relief. The relief which Mr. Herrick seeks is not based upon his interest in a contingent fee contract

with plaintiff.[1] The basis for the relief sought here is limited to the value of services actually rendered by Mr. Herrick to the plaintiff in this case.

In this respect, Mr. Herrick's motion is totally unsubstantiated by any proof or statement indicating what legal services, if any, he actually rendered in this case. Mr. Herrick's motion states that he was a partner in a firm, which was at one time retained by plaintiff, but fails to set forth the specific nature and extent of any services which he rendered to plaintiff. The motion does not even contain the broadest allegation that he did in fact participate in any aspect of this case.

Counsel for plaintiff asserts that, in addition to the absence of any demonstration to this court of entitlement to compensation, he has not otherwise received any statement or proof that Mr. Herrick rendered legal services in this case. Furthermore, as plaintiff argues and the paper filed in this case indicate, Mr. Larsen was recognized as the responsible individual attorney while this action was prosecuted by the firm of Herrick & Larsen. In fact, every paper filed in this case by the firm of Herrick & Larsen bears the name and signature of Mr. Larsen, not Mr. Herrick. Accordingly, the motion of Peter S. Herrick is hereby denied.

---

[1] Mr. Herrick's motion specifically requests attorney's fees for legal services rendered, and only mentions his contract interests in reference to his previous motion to intervene in this case. *See* 659 F. Supp. 248.

If the court were asked to grant relief based upon a contingent fee contract it would first have to determine whether the discharge without cause, which Mr. Herrick claims, had abrogated the underlying contract. *See Estee Candy,* 68 Cust. Ct. at 386, 343 F. Supp. at 1362 ("Although the discharge of [counsel] without cause nullified the underlying employment contract, it is well recognized that the contract amount may be properly considered by services performed by the law firm prior to its discharge.") *See e.g.,* 7A C.J.S. *Attorney & Client* §§ 289–92 (1980) (relief generally limited to *quantum meruit,* unless contingency has already taken place.)